Shippen, President.
In the case of a set-off, this rule, with respect to costs, would be subject to great inconvenience, for, as it happened this term, in Coxe v. Lolton, a set-off of 60l. might be given in evidence, though the plaintiff could never bring the matter to a trial before a justice; as it was not in his power to say, whether the defendant would resort to an action, or take advantage of the defalcation.
The opinion of the Court was afterwards delivered to the following effect:
Shippen, President. — W e think this case comes within the express words of the act of assembly, declaring that costs shall not be recovered; and there is no evidence that the plaintiff has entitled himself to the benefit of the exception, by filing a previous affidavit of his belief that the debt exceeded 10?.
It is not our meaning, however, when an action is brought for a sum above 10?. and the defendant reduces it to less by a set-off, which he might, or might not, have pleaded, that, in such a case, the plaintiff is not entitled to costs. The reason and justice of the thing would then be clearly in his favor.
Judgment for the plaintiff, but without costs, (a)

 The question of the right to costs in actions instituted in the common pleas, or district courts, where the plaintiff recovers less than the amount requisite to give those *321 courts jurisdiction, being still unsettled, it may be useful, in this place, to examine the authorities upon the subject.
The earliest reported case is that in the text; which was decided under the act of 1746, most of the provisions of which, and in many passages, its express words, are retained in the acts of 1804 and 1810, under which the other cases were generally determined. The act of 1745 provided (§ 18), that if any person should commence or prosecute any suit made cognisable before a justice, in any other manner than was directed by the act, and should recover less than 52. (without having previously filed an affidavit in the prothonotary’s office, of his belief that the cause of action exceeded 52.), he should not recover any costs in such suit. By an act passed on the 23d of September, 1784, the jurisdiction of justices was extended to debts and demands, not exceeding 102. The case of Cooper v. Coats decided, that where a debt was reduced by direct payments to a sum within the jurisdiction of the justice, costs could not be recovered, without a previous affidavit; but a distinction was taken between such reduction ancl that produced by a set-off. The same decision was made in the supreme court, in Bunner v. Neil, post, 457, where there is a very short note of the point decided. The next case was Brailey v. Miller, reported in 2 Dall. 74; where the claim of the plaintiff was for a debt amounting to 202.; but on a reference, the defendant made a set-off, and the report was for only 82. The plaintiff not having made the requisite affidavit, a question arose whether he was entitled to costs. The court (of common pleas) held that he was, on the ground that the provision of the act did not extend to the case of a set-off; President Shippen saying — “ The demand in the present case was ostensibly above 102.; though it was in the power of the defendant either to reduce it, or not, by setting up bis counter-claim. The plaintiff could not, therefore, sue before a justice, because the defendant might there lie by; and if afterwards he was liable to be defeated in the common pleas, he would in fact be punished in costs, for resorting to the only court in which his action could be maintained.” The practice was in conformity with this decision, and no case upon the subject appears in the reports until 1816, when Spear v. Jameson (2 S. & R. 530) was determined by the supreme court. In the meantime, the jurisdiction of justices of the peace had been gradually enlarged from 102. to 202., and from that sum to $100. The case of Spear r. Jameson had been commenced in 1809, when the act of 1804 was in operation, the provisions of which wore very similar to those of the act of 1745. Chief Justice Tilghman, in delivering the opinion of the court in favor of the plaintiff’s right to costs, said, “ It is well settled, that although the plaintiff does not recover more than $100, he shall have his costs, if he had a good cause of action for more than $100, which was reduced to $100 or less, by a set-off.!” The act of 1810, which, although passed previously to the decision in this case, could not operate unon it, contained a novel provision with respect to the right of set-off. The seventh section declared, “ that a defendant who shall neglect or refuse, in any case, to set off his demand, whether founded on bond, note, penal or single bill, writing obligatory, book account, or damages on assumption, against a plaintiff, which shall not exceed the sum of one hundred dollars, before a justice of the peace, shall be and is hereby for ever barred from recovering against the party plaintiff, in any after-suit.” It is evident, that this provision was intended to affect the question of costs in suits brought otherwise than before a justice. The first case in which it received a construction, was Sadler v. Slobaugh, 3 S. & R. 388. The plaintiff, in the court below had brought debt on a single bill for $100, the price of a horse sold by him to the defendant, and the debt, including interest, would have amounted to more than $100; but the defendant gave in evidence the plaintiff’s warranty of the horse, and a breach of the warranty, in consequence of which the jury struck off part of the plaintiff’s claim, and gave a verdict in his favor for $85. The plaintiff had not made the affidavit required by the act to entitle him to costs, and the question was, whether, under these circumstances, he was debarred from recovering them. The plaintiff’s counsel relied on Brailey v. Miller as authority in his favor; but it was contended, on the other hand, that the seventh section of the act of 1810, made it imperative on the defendant to set off his defence before the justice, and therefore, the reason in Brailey v. Miller failed. Chief Justice Tilghman, however, *322 said, “ The demand of the defendant against the plaintiff in this case was notfor any certain sum of money. It might be for more than $100 ; but whether he should recover more or less than $100, would depend on the opinion of those who should decide the cause. It does not seem to be a case, therefore, within the meaning of the seventh section of the act.” As, therefore, the defendant might have refused to make the set-off before a justice, he thought the case fell within the reason of Brailey v. Miller, and that the plaintiff was entitled to costs. Judge Gibson, concurred in this judgment, but on the ground, that “ the provision in the seventh section of the act of 1810, is applicable only to cases of defalcation of a definite sum, and that the law in all cases of unliquidated cross-demands, remains as it was before.” It is not easy to reconcile the determination in this case, upon the reasons of cither of the judges, with some other decisions of the same court. That the demand of the defendant, when he retains in his possession the article which was the subject of the warranty, could not, in any supposable event, exceed the original price of the article itself, is shown by the reasoning of the court in the case of Steigleman v. Jeffries, 1 S. & R. 478. There, the action was on a promissory note for the price of goods sold, to which the defendant offered evidence to prove a warranty by the plaintiff, and a breach of the warranty. C. J. Tilghjian was of opinion, that the evidence was admissible, on the ground, that our defalcation act was extensive in its operations; and although, in Kachlin v. Mulhallon (2 Dall. 237), it had been held, that the right of set-off, under this act, did not extend to cases of unliquidated damages for any matter in nature of a tort, because in such case there is no standard by which the damages can be estimated, yet, he said, “ In the present case, the objection is not so strong; the amount of damages, to be sure, cannot be reduced to a certainty, but the price agreed to be paid for the article purchased, is some rule to assist in making the estimate ; it is a boundary beyond which the damages cannot be reasonably suffered to pass.” Judge Yeates also distinguished between a defence arising from a warranty, and one sounding merely in tort. In the latter case, ho said, “ Individual feelings determine the quantum of compensation, without any known standard. That objection does not occur here.” In Kline v. Wood (9 S. & R. 294), the question of jurisdiction, in the case of a warranty, was expressly decided. It was an action in the District Court of Philadelphia, on the warranty of a horse sold by the defendant to the plaintiff for $80, though the declaration averred, that the plaintiff had been put to expense in feeding and keeping the horse, to the amount of $150. The jury gave a verdict for the plaintiff for $40. Judge Duncan, in delivering the opinion of the court, said, “ the action in the present case is clearly an action on the contract; and it is an action on the contract, where there is a measure of damages, namely, the difference between the value of a sound horse, and one with such defects as existed at the time of warranty.” (p. 298.) “The legal cause of action was contract, and the law prescribed the rule, the estimate of the value between this horse in a sound and unsound state; which value could never exceed the price given for the horse.” (p. 300.) Accordingly, it was held in this case, that the District Court had not jurisdiction of the action, it being within the cognisance of a justice of the peace. The reasons of Judge Gibson also, in Sadler v. Slobaugh, seem unsupported, by the provisions of the act, or by the construction put upon it in other cases. The words of the clause are certainly broad enough to cover a claim of set-off for an unliquidated sum. A demand founded on bond, note, &c., or “ damages on assumption, ” would seem intended for all cases of contract, whether the damages were definite or unliquidated. In fact, the court had expressly decided (in Sneively v. Weidman, 1 S. & R. 417), that under the words in the act of 1745, “actions of debt, and other demands,” a justice of the peace had jurisdiction of an action for breach of warranty of a horse, where the damages sustained did not exceed the limit of his jurisdiction ; and the Chief Justice there said, “ The present action is founded on contract, and although the damages are uncertain, I think it must be included in the description, which ascertains the jurisdiction of justices of the peace. It cannot be said, that the word demand was intended to be restricted to cases in which a certain sum of money was demanded,” &c.
The decision in the case of Sadler v. Slobaugh, however, has continued to govern the *323 practice, to the present time, The next case upon the subject of costs, is Stewart v. Mitchell (13 S. & R. 287), which occurred under precisely the same circumstances as Oooper v. Goats, and not being distinguished from it, the court determined that the plaintiff was not entitled to costs. In a very recent case (Grant v. Wallace, 16 S. & R. 253), the question again arose on the construction of the 7th section of the act of 1810, respecting setoff. The plaintiff brought suit in the common pleas, for a debt exceeding $100, without previously filing an affidavit. On the trial, a verdict passed for the plaintiff for a sum under $100, in consequence of a set-off by the defendant, but of what nature the report is silent. The court were divided in opinion on the right of the plaintiff to costs, Judges Duncan, Rogers and Tod holding that he was entitled to them, while the Chief Justice delivered a contrary opinion. Judge Tod, who expressed the opinion of the majority, puts it upon the ground upon which Brailey v. Miller was decided, that where there is a set-off of any description, the plaintiff is entitled to his costs, although he has made no affidavit; and he relied upon the case of Sadler v. Slobaugh, decided, notwithstanding the act of 1810, as conclusive upon the point. The learned judge does not seem to have adverted to the circumstances of that case, or the reasoning of the court; otherwise, he would not have considered it as an authority in point. Whatever may be the value of that case, as a precedent, it certainly cannot be invoked as authority, beyond the mere question it decided, viz., that a defendant in an action before a justice, for the price of a chattel, cannot be compelled to set off a claim, arising from a breach of the warranty of such chattel; and therefore, that the plaintiff in such action has a right to costs in the common pleas, although he should recover less than $100, if his claim was reduced by such set-off. It seems to have been admitted by C. J. Tilghjian, in that case, that where a defendant could be compelled to set off his demand, the plaintiff would be deprived of his costs, if he sued in the common pleas. It is difficult, therefore, to find any support for the decision in Grant v. Wallace, from the authority of Saddler v. Slobaugh. Chief Justice Gibson, who dissented from the majority in Grant v. Wallace, expressed an opinion, that it was the intention of the legislature, by the provision in the act of 1810, to remove the difficulty as to costs, first suggested in Brailey v. Miller, and he thought the difficulty was effectually removed: “If the plaintiff,” he said, “knows that there is a cross-demand for a sum certain, let him give credit for so much, and bring suit for the residue; and thus do for the defendant all that the defendant could do for himself. If the cross-demand be unliquidated, let him give credit for enough to give the justice jurisdiction, leaving the defendant to reduce it still lower, if he can, at the hearing. If, however, he shall believe the defendant not tobe entitled to an allowance sufficient to reduce the demand to the limit of a justice’s jurisdiction, he is then precisely in a condition to make the affidavit required by law, the effect of which is to entitle him to costs, no matter how small a sum he may recover.” It is remarkable, that the Chief Justice here seems to' consider an unliquidated cross-demand as one which the defendant might be compelled to set off; whereas, in Sadler v. Slobaugh, he expressly states, that he considers the provision of the act as inapplicable to such cases. He added also (16 S. & R. 256), that in the case of Patton Newel, decided in 1822, but not reported, the supreme court held, that the plaintiff was not entitled to costs, under similar circumstances.
The question of the right to costs, may, therefore, as we have said at the commencement of this note, be considered as yet unsettled. The truth is, that so many inconveniences present themselves, in carrying out the intentions of the legislature, that the courts have had great difficulties to surmount, and it is not surprising, that their decisions should be in some measure inconsistent with each other, as well as with the literal provisions of the acts of assembly. Perhaps, it would have been better, if the legislature had left it discretionary with the judges, to give or refuse costs to a plaintiff Suing in the courts of record, where his standard is reduced below the standard of their jurisdiction, in consequence of a set-off.[1]

 The law is now settled, that when the plaintiff’s recovery is reduced to less than $100, by a set-off, or equitable defence, he is entitled to costs, without a previous affidavit. Bartrara *324 v. McKee, 1 Watts 38; Manning v. Eaton, 7 Id. 346; Odell v. Culbert, 9 W. & S. 66; Barry v. Mervine, 4 Penn. St. 330; Glamorgan Iron Co. v. Rhule, 53 Id. 93. And where the pleas are payment and set-off, the supreme court, on error, will presume that it was so reduced, the court below having given judgment for costs. Minick v. Minick, 33 Penn. St. 378. If, however, the recovery, be so reduced by proof of actual payments, no costs are recoverable. Horrigan v. Insurance Co., 37 Leg. Int. 166. But though the plaintiff be not entitled to recover the costs of suit, for want of a previous affidavit, yet, the court having jurisdiction of the cause of action, he may collect the costs of an execution. Davenport v. Williams, 10 Phila. 574.